IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephan Alexander Sharar, #319121, ) | C/A No. 8:14-4194-TMC-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Ofc. Sgt. Bryan McKillip, employee #047472; ) <br> Tim Riley, Warden, Tyger River C.I., ) | |
| Defendants. ) | |

Stephan Alexander Sharar ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights have been violated. Plaintiff is currently incarcerated at the Tyger River Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff's lawsuit is based on alleged retaliation against him for filing a grievance related to Officer Bryan McKillip's ("McKillip") alleged misconduct. [Doc. 1 at 2–5.] Plaintiff alleges the following facts. On August 26, 2014, he filed a grievance against McKillip "for use of homosexual remarks concerning my food." [*Id*. at 3.] Someone told Plaintiff that he "would pay for that write up." [*Id*.] The next day, Plaintiff left his cell in order to use a "law computer," and McKillip entered his cell and searched his property. [*Id*.] Upon his return to his cell, Plaintiff discovered that his legal papers were scattered on the floor, his prayer rug and Qur'an "had been kicked under [his] bed rendering another tear in [his] prayer rug and almost ripping [his] Qur'an in two." [*Id*.] Plaintiff was told by other inmates that they observed McKillip tearing documents, and one inmate saw McKillip flushing "torn stuff"

down the toilet. [*Id*.] Plaintiff then discovered that his three permitted pictures and several documents related to his discharge from the U.S. Army were missing. [*Id*.] At dinner, Plaintiff asked McKillip why he destroyed Plaintiff's things, and McKillip replied "that's what you get when you mess with Tim Riley and his staff." [*Id*.]

Plaintiff alleges he filed a grievance about the August 26, 2014, destruction of property incident, and he foresees that the institution is stalling with Warden Tim Riley's ("Riley") consent so that McKillip may "get away with these very childish acts." [*Id*. at 4.] Plaintiff alleges that because he does not foresee an agreeable solution in the near future, he filed this lawsuit. [*Id*.] Based on the above facts, Plaintiff alleges Defendants should be liable because they violated institutional policy, abused their authority which is a serious crime, acted with prejudice towards his religion, and imposed cruel and unusual punishment by retaliating against him. [*Id*. at 5.] He alleges McKillip should lose his job, and McKillip and Riley should be required to replace the property or reimburse him for it. [*Id*.] He sues Riley for recklessness and mismanagement of his staff. [*Id*.] Plaintiff seeks damages and a transfer to another institution. [*Id*.] Plaintiff attached a copy of his prison Step 1 grievance, and it indicates that on October 2, 2014, it was forwarded to the Inmate Grievance Branch for possible review by the SCDC Division of Investigations. [Doc. 1-1 at 1.] Plaintiff signed his Complaint on October 22, 2014. [Doc. 1 at 5.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's primary allegation is that McKillip violated the Constitution by intentionally destroying Plaintiff's personal property in retaliation to his filing a grievance against McKillip; however, this does not state a claim upon which relief may be granted. The Supreme Court has held that deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986). Moreover, § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation."

*DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989). The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986).

In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. Plaintiff's negligence claim relating to his lost property may be cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Thus, Plaintiff cannot pursue a claim under the South Carolina Tort Claims Act in this Court.

Even if McKillip intentionally destroyed or took Plaintiff's property, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (holding that intentional deprivations of property by State

employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate); *see also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736, *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123, *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Accordingly, Plaintiff also has an available state remedy of an intentional tort civil action in the South Carolina courts. Therefore, Plaintiff's § 1983 claim based on destruction of personal property fails to state a claim upon which relief may be granted.

For Plaintiff to state a cognizable claim of retaliation, he must allege that the retaliatory act was taken with regard to the exercise of a constitutionally protected right or the retaliatory action itself must violate a constitutional right. *See Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011). Although Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Even if McKillip intentionally tore the prayer rug or Qur'an, which would be unprofessional and distasteful, Plaintiff does not allege that such a retaliatory act violated his constitutional right to practice religion because McKillip is not alleged to have

6

actually interfered with Plaintiff's practicing his religion. Also, if McKillip destroyed Plaintiff's personal property to retaliate against Plaintiff for his filing a grievance against him, which again would be unprofessional and distasteful, Plaintiff's act of filing a grievance was not in of itself a constitutionally protected right. It is well settled that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012). Therefore, Plaintiff does not state a plausible claim of retaliation.

As noted above, Plaintiff brings suit against Riley for recklessness and mismanagement of his staff. However, because Plaintiff does not allege a plausible claim of a predicate constitutional violation at the hands of McKillip, then the supervisor, Riley, cannot be liable under § 1983. *See Evans v. Chalmers*, 703 F.3d 636, 654–55 (4th Cir. 2012) (supervisors and the municipality itself cannot be liable under § 1983 in a suit for damages unless there is a predicate constitutional injury at the hands of individual officer); *Anderson v. Caldwell Cnty. Sheriff's Office*, 524 F. App'x 854, 862 (4th Cir. 2013) (finding that a claim of inadequate training or supervision cannot proceed without a constitutional violation committed by an employee).

Additionally, Plaintiff's allegation that Defendants' misconduct violated SCDC institutional policy does not state a claim for a constitutional violation. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (finding that violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corr.*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, *12 (D.S.C. March 21,

2007) (noting that the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation).

Lastly, Plaintiff's request for this Court to order that he be transferred to another institution does not state a cognizable claim. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin  
United States Magistrate Judge

December 16, 2014  
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).